IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:03CV485 |
| vs. ) | |
| ) | ORDER |
| CITY OF OMAHA, NEBRASKA, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court pursuant to the consent of the parties on plaintiff's MOTION FOR PROTECTIVE ORDER AND REQUEST FOR ORAL ARGUMENT (#25). The request for oral argument is denied.

    Plaintiff, an African-American woman, is a firefighter employed by the City of Omaha. In summary, the amended complaint (#14) alleges that she was subjected to retaliatory harassment by male Caucasian coworkers and superiors for making public statements in support of the City of Omaha's affirmative action plan. The City allegedly failed to take reasonable action to stop the unlawful harassment and retaliation and failed to correct the hostile working environment. Plaintiff's claims for relief are based on 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2003, *et seq.* ("Title VII").

    The record shows that plaintiff participated in several administrative proceedings related to the pending civil rights claims, including a request for a service connected disability retirement based on stress, depression and post traumatic stress allegedly caused by the hostile working environment fostered by the City. Plaintiff's medical records were introduced and discussed in conjunction with these proceedings and were filed in plaintiff's two appeals to the Douglas County District Court after her request for disability retirement was denied.

    In view of plaintiffs' pending allegations that she has suffered substantial mental anguish and emotional distress as the result of the City's unlawful employment practices, the

court agrees that plaintiff has put her medical condition in dispute; the state of plaintiff's health is central to her claims for damages.

Plaintiff now seeks the entry of a stringent protective order governing the dissemination of "all of plaintiff's personnel and medical records, now in the possession of, or to be obtained by Defendant." The protective order is sought based on plaintiff's attorney's representation complaining of the wide dissemination of confidential information by the City Attorney's office in past, unspecified, litigation.

In response, defense counsel advises that she agreed to the entry of a "qualified protective order" as that term is used in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), *see* 45 C.F.R. § 164.512(3)(1)(v)[1], but plaintiff did not agree, refused to provide medical releases, and filed the instant motion for protective order after the records were subpoenaed.[2]

While the court does not condone the careless dissemination of litigants' medical records, it does appear that many of the records at issue are already matters of public record and it would be virtually impossible for the City to comply with the protective order proposed by the plaintiff. Consequently, I find that the motion for protective order must be denied.

---

[1]The regulations promulgated under HIPAA provide that a covered entity may disclose protected health information "in the course of any judicial or administrative proceeding." 45 C.F.R. § 164.512(e)(1); *see also* 45 C.F.R. § 164.502(a)(1)(vi). Section 164.512(e) allows disclosure of protected health information in response to a discovery request, even if unaccompanied by a court order, if reasonable efforts have been made to insure that individuals who are the subject of the protected health information requested are given notice of the request, or the covered entity receives satisfactory assurance that the requesting party has made reasonable efforts to secure a qualified protective order that provides that the parties (a) will not use or disclose the information for purposes other than the pending proceeding, and (b) will return the information (or destroy it) at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(ii), (v). *See Beard v. City of Chicago*, No. 03 C 3527, 2005 WL 66074 (N.D. Ill., Jan. 10, 2005).

[2]Plaintiff did not file any written response or objection to defendant's NOTICE OF INTENT TO SERVE SUBPOENAS (#22).

That said, counsel are strongly encouraged to stipulate to the type of protective order contemplated by HIPAA, as suggested by defense counsel.

**IT IS ORDERED:**

1. Plaintiff's MOTION FOR PROTECTIVE ORDER AND REQUEST FOR ORAL ARGUMENT (#25) is denied.

2. The parties are given until May 10, 2005 to file a stipulated motion for protective order. If the parties are unable to reach an agreement, the court may enter a protective order on its own motion.

**DATED April 29, 2005.**

                                      **BY THE COURT:**

                                      **s/ F.A. Gossett**
                                      **United States Magistrate Judge**