# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LINDA BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:03CV485** |
| **vs.** ) | |
| ) | **ORDER** |
| **CITY OF OMAHA, NEBRASKA,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the magistrate judge pursuant to the consent of the parties on defendant's Motion to dismiss plaintiff's cause of action under 42 U.S.C. § 1981[1] pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 38). Having considered defendant's supporting brief (Filing 31 at pp. 27-29), plaintiff's response (Filing 43), and defendant's reply (Filing 44), I find that the motion should be granted.

## LEGAL ANALYSIS

In ruling on a motion pursuant to Rule 12(b)(6), this court "must accept the allegations contained in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party, *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). '[D]ismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th

---

[1] Section 1981, as amended, provides:
   (a)   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
   (b)   "Make and enforce contracts" defined
   For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (parallel citations omitted).

42 U.S.C. § 1981 does provide a cause of action for race discrimination in employment claims; however, when the claim is against a "state actor," 42 U.S.C. § 1983 provides the exclusive federal damages remedy for violations of the rights guaranteed by § 1981. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735-36 (1989). The Eighth Circuit adheres to this position, *see, e.g., Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 224 (8th Cir. 1994); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178 (8th Cir. 1998), and the City of Omaha is a "state actor" in this context. Thus, plaintiff admits that she "cannot refute the Defendant's brief in support of its Motion to Dismiss the 42 U.S.C. § 1983 claim." The Motion to Dismiss will, therefore, be granted.

As to plaintiff's responsive request for permission to further amend the complaint, plaintiff has not complied with NECivR 15.1, requiring the submission of a proposed amended pleading.

**IT IS ORDERED:**

1. Defendant's Motion to dismiss plaintiff's cause of action under 42 U.S.C. § 1981 pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 38) is granted.

2. Plaintiff's request for permission to further amend the complaint is denied for failure to comply with NECivR 15.1.

**DATED May 2, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**