# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LINDA BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 8:03CV485 |
| vs. ) | |
| ) | **PROTECTIVE ORDER** |
| **CITY OF OMAHA, NEBRASKA,** ) | |
| ) | |
| **Defendant.** ) | |

Pursuant to the Fed. R. Civ. P. 26 ( c), and the Stipulation of the parties (Filing 65),

**IT IS ORDERED:**

If any party wishes to designate as confidential, any information produced in response to a subpoena *duces tecum*, i.e., medical records:

1. That all medical records on the Plaintiff now in the possession of, or to be obtained by the Defendant, whether obtained from subpoenas or any other method for any purpose other than the proceeding, and requires the return to the covered entity or the destruction of the protected health information at the end of the proceeding. 45 C.F.R. § 164.512(e)(1)(v).

2. As used herein "Qualified Persons" means the Plaintiff, the Defendant, the attorneys representing the parties to the action and any other person deemed necessary by any party to the effective prosecution or defense of this lawsuit.

3. All documents and information produced in response to requests by a requesting party may only be used by the requesting party for purposes of this litigation. Documents and any information obtained pursuant to this Protective Order shall be dealt with in the following manner:

    (a) Except as provided below, inspection and receipt of all documents and information shall be limited to Qualified Persons. All such documents and information shall be held in confidence by those inspecting or receiving them, shall be used only for purposes of this action, shall not be used for any business or other purpose.

    (b)  No copies of documents and information shall be made except by or on behalf of the attorneys of record in this case. Any attorneys making copies of such material shall maintain all copies within their possession unless provided to those entitled to access to such documents and information under this Protective Order, in which case such individual is required to maintain any such documents pursuant to the terms of this Protective Order.

4.    The termination of the proceedings in this litigation shall not relieve any persons to whom documents and information have been disclosed from the obligations of this Protective Order, and the Court shall retain jurisdiction after final disposition of this litigation for the purposes of any application to modify or enforce the provisions of this Order.

**DATED May 11, 2005.**

                                **BY THE COURT:**

                                **s/ F.A. Gossett**
                                **United States Magistrate Judge**